NOT DESIGNATED FOR PUBLICATION

No. 113,391

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ANDREA BRADFORD,
*Appellant*,

v.

ANITA DRU PARLETT and
CARNAHAN FARMS, LLC,
*Appellees.*

MEMORANDUM OPINION

Appeal from Labette District Court; ROBERT J. FLEMING, judge. Opinion filed December 4, 2015. Affirmed.

*Timothy J. Grillot*, of Parsons, for appellant.

*Richard G. Tucker*, of Tucker and Markham, Attorneys at Law, LLC, of Parsons, for appellees.

Before BUSER, P.J., LEBEN and BRUNS, JJ.

*Per Curiam*: Andrea Bradford sued the owner of a neighboring piece of rural land in Labette County, claiming that a portion of land titled to her neighbor belonged to her through adverse possession—that is, because she had lived on the land for 15 years and either believed she owned the land or knew it was in dispute and openly claimed it. The district court heard the parties' evidence in a trial and ruled against Bradford; she has appealed to this court.

On appeal, Bradford cites to the evidence supporting her claim. But there was contrary evidence too, and the district court concluded that she had failed to prove essential elements of her claim. When the district court finds that a party has failed to meet its burden of proof, we cannot overturn that court's decision unless it arbitrarily disregarded undisputed evidence or showed bias or prejudice. Here, there was evidence disputing Bradford's claims, the district court did not arbitrarily disregard undisputed evidence, and we see nothing in the record to support a claim that the district court showed bias or prejudice. We therefore affirm the district court's judgment.

FACTUAL AND PROCEDURAL BACKGROUND

In 1988, Anita Parlett and her husband at the time, Larry Carnahan, sold a tract of land to Roy Karstetter and Andrea Hyatt (now Andrea Bradford). Parlett and Carnahan continued to own the land just to the south of that tract. A fence ran along most of the boundary line set out in the legal description then jogged south away from the boundary line onto Parlett and Carnahan's land, leaving a rectangle of their land fenced in with Karstetter and Bradford's. Surveying done before the sale showed that the boundary line between the properties continued straight and did not follow the jog in the fence. The land Bradford now seeks title to is the 1.1-acre piece of land on Bradford's side of the fence but within the surveyed boundaries of Parlett and Carnahan's land.

In 1993, Karstetter transferred his interest in the land to Bradford. Parlett and Carnahan divorced in 1995, and Parlett retained their land as part of the divorce agreement. Thus, the current owners of the adjacent land tracts are Bradford and Parlett.

In 2011, Parlett and Carnahan Farms, LLC, which Carnahan operated on Parlett's land, filed a petition for injunction alleging that Bradford had caused harmful redirection of surface water onto Parlett's land. See *Parlett v. Bradford*, No. 111,564, 2015 WL 717905 (Kan. App. 2015) (unpublished opinion), *rev. denied* 302 Kan. ___ (September

2

14, 2015). The petition included legal descriptions of both parties' land, including the land disputed here. Those descriptions match the descriptions shown by the 1988 survey and included in the 1988 contract for sale of real estate from Parlett and Carnahan to Karstetter and Bradford. In her answer to the 2011 petition, Bradford admitted the legal descriptions were accurate.

Although the ultimate resolution of the 2011 lawsuit is not relevant to this appeal, it appears that as part of that lawsuit, on February 5, 2014, Bradford filed what's called a petition for quiet title, an attempt to "quiet" all challenges to a property whose ownership is subject to dispute. The district court summarily dismissed the petition after a hearing on February 25, 2014, at which Bradford's attorney informed the court that "a separate adverse possession action had already been filed." 2015 WL 717905, at *2.

Bradford had filed that separate action (the case now before us) on February 12, 2014. In it, she sought to settle the property ownership question in her favor. She alleged that she had occupied the land at issue continuously for more than 15 years; that she knew of no others with right, title, or interest in the property; and that her possession of the land was open and clearly obvious to Parlett and Carnahan Farms. Parlett and Carnahan Farms filed an answer disputing the claim of title, both parties filed trial briefs, and the parties presented their evidence to the district court in a bench trial on December 17, 2014.

Bradford testified that she had lived on the land for 26 years, during which time the fence line had not changed. There were no gates in the fence, so Carnahan or Parlett would have had to climb the fence or come through Bradford's land to access the disputed property. Bradford said that she had never seen Carnahan or Parlett on the property and that she had believed since the original purchase that it was hers, partly because Carnahan and Parlett had never asserted ownership or tried to eject her. Bradford said that she used the property for pasturing horses and cattle, mowed and hayed the land, and maintained

3

the fence. Bradford testified that the 2011 lawsuit was the first time she realized she might not hold title to the property.

Over Bradford's objection, the district court admitted into evidence the petition and answer from the 2011 lawsuit. Bradford acknowledged that she had admitted the property descriptions but said that she had assumed (wrongly, it turned out) that the descriptions included all the land inside the fence.

For the defendants, Carnahan testified that before he sold the land to Karstetter and Bradford, he told Karstetter that the property's boundary would "probably go straight across instead of jogging around the fence." Carnahan said he later gave a copy of the survey to Karstetter and confirmed that the boundary line would be straight. Carnahan conceded that he had not talked with Bradford but claimed that there were orange survey flags marking the tract boundaries. Carnahan said he never intended to convey the disputed property to Karstetter and Bradford but that he had given Karstetter permission to use it.

Carnahan said that he had been on the disputed land "several times through the years" to dove hunt, evaluate the fence's condition, and burn hay. He also said that if Bradford had ever asserted ownership, he would have ejected her. Parlett similarly testified that Bradford had never asserted ownership of the property and that she had allowed Bradford to use it because she was trying to be a good neighbor. Parlett said that she had burned on the property and that the land was a quail nesting area that she and her husband used for hunting.

The district court issued a written decision denying Bradford's petition. The court concluded that she had failed to establish (1) that she had had exclusive and continuous possession for at least 15 years and (2) that she had occupied the property under a belief that she owned it. Bradford then appealed to this court.

4

ANALYSIS

To establish title by adverse possession, a party must have: "(1) possessed the property for a period of 15 year in a manner (2) that is (a) open, (b) exclusive, *and* (c) continuous; and (3) that is either (a) under a claim knowingly adverse *or* (b) under a belief of ownership." *Ruhland v. Elliott*, 302 Kan. ___, Syl. ¶ 5, 353 P.3d 1124 (2015) (citing K.S.A. 60-503); see *Wright v. Sourk*, 45 Kan. App. 2d 860, Syl. ¶ 1, 258 P.3d 981 (2011). In addition, the party claiming adverse possession must demonstrate these elements by clear and convincing evidence, meaning that the evidence shows the claimed facts to be highly probable, not merely more likely true than not. *Ruhland*, 353 P.3d at 1129.

Bradford contends on appeal that she "has been in exclusive and continuous possession of this tract" for 26 years, but she doesn't explicitly discuss in her appellate brief how she showed that she did so either knowing Parlett also claimed the land or genuinely believing she (Bradford) owned it. We could decide the appeal based on this failure in the briefing; Bradford cannot succeed without meeting all elements of the adverse-possession claim. We choose, however, to review the merits of Bradford's adverse-possession claim. See *Sauls v. McKune*, 45 Kan. App. 2d 915, 918-19, 260 P.3d 95 (2011) (choosing to address an issue on appeal rather than dismissing it even though "failing to address an alternative basis for a district court's ruling is a sufficient reason to deny the appeal"). So we look to see whether the district court erred in concluding that Bradford had not demonstrated (1) that she had possessed the property for 15 years in a manner (2) that was open, exclusive, and continuous, and (3) that this was either under a claim knowingly adverse to the other party's title to the land or under a belief that she owned the land.

"Whether a party has acquired title by adverse possession is a question of fact to be determined by the trier of fact—in this case, the district court. [Citation omitted.]" *Ruhland*, 353 P.3d at 1128. Its finding that Bradford failed to establish that she met the criteria for adverse possession was a negative factual finding, which an appellate court can reverse only if the district court made its decision by arbitrarily disregarding undisputed evidence or relying on an extrinsic consideration like bias, passion, or prejudice. See *MFA Enterprises, Inc. v. Delange*, 50 Kan. App. 2d 1049, 1056, 336 P.3d 891 (2014).

The district court here didn't arbitrarily disregard undisputed evidence. Substantial evidence supported the court's holding that Bradford failed to show that she had maintained exclusive and continuous possession of the property. Parlett and Carnahan testified that they entered and used the property from time to time for hunting, to tend their pastures, and to evaluate the condition of the fence. Although Bradford testified to the opposite, as an appellate court, we do not reweigh evidence or determine the credibility of witnesses. See *Peterson v. Ferrell*, 302 Kan. 99, 106, 349 P.3d 1269 (2015). And there is nothing in the record to indicate that the district court was swayed by bias, passion, or prejudice.

Similarly, the evidence supported the district court's conclusion that Bradford didn't show she had believed that she owned the property for 15 years: In 2011, in the pleadings in another lawsuit that were admitted into evidence in this case, Bradford admitted that the legal description of her property, which excluded the area she now claims, was accurate. The evidence that she claimed the property in a manner adverse to Parlett was also disputed; both Parlett and Carnahan testified that Bradford never told them she was claiming ownership of this land. See *Ruhland*, 353 P.3d at 1129-30 (noting that to satisfy "knowingly adverse" element of claim, party must be claiming exclusive right to property).

6

There was evidence from Bradford that supported at least some of the elements of an adverse-possession claim. But the district court didn't find that evidence clear and convincing, and we are in no position to second-guess that decision.

We therefore affirm the district court's judgment.